UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  Criminal Action No. 16-30021-MGM |
| BERKSHIRE POWER COMPANY, LLC, and | * |
| POWER PLANT MANAGEMENT | * |
| SERVICES LLC, | * |
| | * |
| Defendants. | * |

SPECIAL MASTER APPOINTMENT ORDER

September 14, 2016

MASTROIANNI, U.S.D.J.

Based upon the complex issues involved, the court finds it necessary to appoint a special master to assist in compiling and reviewing information relevant to the court's evaluation of the proposed criminal sentences of the corporate Defendants. Therefore, pursuant to the court's inherent authority, and in consideration of the parties' joint proposal identifying three such individuals (Dkt. No. 33), it is hereby ORDERED that David S. Mackey, Esq. of the law firm Anderson & Kreiger LLP is appointed Special Master.

The Special Master shall principally examine and report to the court the following information:

(1) The relationship between the conduct alleged in the Information and Defendants' pecuniary gain, including the amount of funds saved or revenue increased which would not have occurred in the absence of the illegal activity, and an accounting of Defendants' profit/loss for the time period directly before, during, and after the illegal activity, namely, January 2007 through January 2013;

(2) The relationship between the conduct alleged in the Information and any harm or loss inflicted upon the environment, competitors, or others as a result of the illegal activity;

(3) The role of Defendants' operational and corporate structures in the illegal activity, and a general comparison of culpability between the two corporate Defendants;

    (4)    A comparison of criminal and civil penalties in similar cases; and

    (5)    Any other information the Special Master deems relevant to the court's assessment of the proposed criminal sentences.

The Special Master is directed to proceed with all reasonable diligence in completing the tasks assigned by this order.

    The Special Master may communicate *ex parte* with the parties and their counsel as to all subjects related to this matter. In this regard, it is ORDERED that the Special Master shall have the full cooperation of the parties and their counsel, who shall promptly provide all documentation and information requested by the Special Master, whether requested orally or in writing, and in whatever form requested. If a party objects to any such request, it shall do so in writing with service on the other parties, and the court will resolve the objection. As of this order, however, the Special Master may not communicate *ex parte* with the court. *See United States v. Craven*, 239 F.3d 91, 101-102 (1st Cir. 2001). If the Special Master deems it necessary to communicate with the court, he shall do so in writing and file the communication on the public docket. In addition, the Special Master may not communicate *ex parte* with the Office of Probation and Pretrial Services.

    As of the date of this order, the parties may submit to the Special Master submissions addressing any of the four principal topics of the Special Master's review, along with any other information the parties deem relevant to the court's assessment of the proposed criminal sentences. Any written materials submitted, voluntarily or upon request of the Special Master, must also be submitted to all other parties, and such parties shall be given an opportunity to respond to or supplement those materials.

    The Special Master may update the court and the parties as to the progress of his work by filing one or more status reports, within which he may also address whether there is a need to hold a status conference. At the conclusion of his investigation, the Special Master shall file a Proposed Final Report. The parties will have an opportunity to file specific written objections to the Proposed

Final Report, which objections the Special Master shall consider in preparing a Final Report. The parties will also have an opportunity to raise with the court objections to the Final Report prior to sentencing.

The Proposed Final Report shall be filed with the court within 90 days of the date of this order, unless an extension is requested for good cause shown. If the Special Master anticipates needing additional time to complete his review, he may request leave of the court for such extension. The Special Master shall maintain a complete record of the materials considered by the Special Master in making his findings and recommendations to the court, but neither the Special Master nor any staff, contractors, or agents granted access to any information by the Special Master shall discuss or disseminate the information to third-parties without prior approval by the court.

Pursuant to the parties' agreement (Dkt. No. 33), Berkshire Power Company LLC shall pay the compensation for the Special Master's service. The Special Master will be compensated at his standard rate of $525/hour. His partner Timothy J. Roskelley will assist in this project at the rate of $465/hour. Any other counsel or associates on the matter will be compensated at the rate of $275/hour. If necessary the Special Master may also retain outside professionals on terms approved by the Court after notice to Berkshire Power Company LLC and an opportunity to object to the proposed cost increase. The Special Master shall bill Berkshire Power Company monthly for his services, with an informational copy of the invoice provided to the Court. Berkshire Power Company will pay the Special Master's invoices within 30 days, unless there is a dispute over the amount. Berkshire Power Company will attempt first to resolve any such dispute directly with the Special Master, and if that attempt is unsuccessful will bring the dispute to the Court's attention for resolution. The staff and contractors of the office of the Special Master shall have whatever access to records and documents the Special Master believes is necessary to fulfill the staff or contracting role.

Within seven days of this order, the Special Master shall file an affidavit disclosing whether there is any conflict or ground for disqualification under 28 U.S.C. § 455.

It is So Ordered.

                                              /s/ Mark G. Mastroianni
                                              MARK G. MASTROIANNI
                                              United States District Judge